UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**WESTERN DIVISION**                                                        Case No.

Robert Clogston, Individually, and as Administrator )
of the Estate of Debbie Clogtson,                   )
    Plaintiff                                       )
                                                    )
    v.                                              )
                                                    )
MICHELIN NORTH AMERICA                              )
CANADA, INC., and MICHELIN NORTH                    )
AMERICA, INC.,                                      )
    Defendants,                                     )
                                                    )

**Allegation of Jurisdiction**

    This Court has Jurisdiction pursuant to 28 U.S.C. §1332.  Plaintiff Robert Clogston is, and at all times relevant hereto was, a resident of the Town of Whately, County of Franklin, the Commonwealth of Massachusetts.  At the time of the accident that is the subject matter of this case, defendants were foreign corporations.  The matter in controversy, exclusive of interest and costs, exceeds the sum specified by 28 U.S.C. §1332.  Venue is found in 28 U.S.C. 1391(a)(2).

**Factual Allegations**

1.    The plaintiff Robert Clogston is the husband and duly appointed Administrator of the Estate of Debbie Clogston (decedent), who died on or about November 2, 2007, leaving heirs at law.  Robert Clogston resides in Whately, County of Franklin, Massachusetts.  Plaintiff Robert Clogston was dependent upon his spouse Debbie Clogston for economic support, and spousal closeness, guidance and emotional support.

2.    At all times material to this complaint, Defendant Michelin North America Canada Inc. ("MNACI") was and is a Canadian corporation with its principal place of business at 100

1

Granton Road, RR3, New Glasgow, NS, B2H, 5C6, Canada. MNACI was and is in the business of, among other things, designing, developing, testing, manufacturing, and distributing motor vehicle tires for use on passenger vehicles and light trucks in the United States and Canada. In that capacity, MNACI operated, conducted, engaged in and carried on business and business ventures within the Commonwealth of Massachusetts, directly and indirectly through dealerships, brokers, jobbers, wholesalers, or distributors within said state. MNACI intended that its tires be sold within the Commonwealth of Massachusetts. MNACI derived substantial revenue from the sale of its tires to Massachusetts residents in the ordinary course of commerce, trade or use and this action arises out of such business.

3. At all times material to this complaint, Michelin North America, Inc. ("MNA") was a New York corporation with its principal place of business 1 Parkway, South Greenville, South Carolina, 29615. MNA was and is in the business of designing, developing, testing, manufacturing, and distributing tires for use on passenger vehicles and light trucks in the United States and Canada. In that capacity, MNA operated, conducted, engaged in and carried on business and business ventures within the Commonwealth of Massachusetts, directly and indirectly through dealerships, brokers, jobbers, wholesalers, or distributors within said state. MNA intended that its tires be sold within the Commonwealth of Massachusetts and derived substantial revenue from the sale of its tires to Massachusetts residents in the ordinary course of commerce, trade or use, and this action arises out of such business. MNA is therefore subject to service of process upon the Massachusetts Secretary of State, pursuant to G. L. c. 223, § 38.

4. At all times material, defendants MNA and MNACI freely exchanged and shared information, computer records and documents with each other and with the parent corporation for the purpose of designing, developing, testing, manufacturing, and distributing motor vehicle

tires for use on passenger vehicles and light trucks in the United States and Canada. The subject tire was manufactured and sold by the defendants as part of their "passenger car and light truck" tire product line, and defendants are legally liable for defects in said tire.

5. Upon information and belief, at all times material to the incident which is the subject of this complaint, defendants collectively designed, developed, tested, manufactured, and distributed the B.F. Goodrich, Uniroyal Laredo tire which is the subject of this complaint.

6. On November 2, 2007, plaintiff Robert Clogston was the owner and operator of the 1995 Ford 350 XLT two door 4 x 4 pickup truck upon which the subject tire had been placed and was traveling north on Interstate Highway 91 in the Town of Bernardston, Massachusetts.

7. At that time and place, the left front Uniroyal Laredo LTL LT235/85R 16 M & S load range E (DOT# ANORDOU028) suffered a catastrophic tread belt separation.

8. As a result of the tire failure, the vehicle became uncontrollable, resulting in the death of Debbie Clogston, the plaintiff's decedent.

9. At all times from the date of purchase until the moment of the tire malfunction on November 2, 2007, the subject tire was properly maintained and was used in normal operation and in a manner expected, intended, marketed and promoted by all defendants. The subject tire malfunctioned in the absence of any adverse weather conditions, road hazards, misuse, or interference from any other vehicles or road obstructions.

10. As a result, the plaintiff's decedent suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and death.

11. At all times since the beginning of their manufacture, defendants have suffered large

numbers of tread/belt failures in their steel belted radial passenger and light truck tires.

12. At all times since the beginning of their manufacture, tread/belt separations during use have been one of the most frequent failure modes in all or most of defendants' steel belted radial passenger and light truck tires.

13. At all times since the beginning of their manufacture, there has been a disproportionately large number of tread/belt failures in defendants' non-high performance steel belted radial passenger and light truck tires.

14. Defendants have failed to make known to the general public the fact that they knew that their steel belted radial passenger and light truck tires would frequently fail in use from tread/belt separations.

15. Defendants have known for decades that sudden tread/belt separation of its steel belted radial passenger and light truck tires present a high degree of danger and risk of serious injuries and fatalities.

16. For at least the last twenty years, defendants have been continuously engaged in defending itself in lawsuits claiming personal injuries or deaths as a result of accidents caused by sudden tread/belt failure of its steel belted radial passenger or light truck tires.

17. Defendants have known for decades how to prevent or significantly reduce the number of tread/belt separations in their steel belted radial tires, but have refused to take the necessary steps to do so.

18. Defendants have created records that demonstrate the excessive rate of tread/belt separation defects for its tires, including adjustment records, claims records (personal injury and property damage), and lawsuit records.

19. Many, if not most, of such records have been intentionally destroyed by defendants in

order to prevent adverse evidence from discovery by persons injured by its tires, and these defendants knew or should have known that such records were important evidence in past, present and future lawsuits, and had been requested in the past in litigation and would be requested in the future in litigation.

## COUNT I - NEGLIGENCE AGAINST MNACI

20. Plaintiff re-alleges paragraphs 1 through 19 above.

21. The tread/belt separation of the tire on the subject vehicle was the direct and proximate result of the negligent design and/or manufacture of the subject tire by defendant MNACI, alone or in conjunction with design and input from defendant MNA.

22. MNACI's negligence in connection with the design, manufacture, and sale of the subject tire consists of, but is not limited to, the following:

   A. Failure to design a tire with adequate and sufficient specifications, formulas and materials to maintain necessary adhesion for the full expected life of the tire under foreseeable operating conditions;
   B. Failure to design a tire with adequate robustness and margin of safety;
   C. Failure to use adequate construction methods;
   D. Failure to maintain adequate quality control during manufacture;
   E. Failure to prevent rubber and wire contamination during manufacture;
   F. Failure to construct the tire to the designed specifications;
   G. Failure to adequately test, and maintain complete test records;
   H. Failure to correct the weaknesses and defects revealed by testing;
   I. Failure to provide adequate and sufficient warnings and instructions about the risks and dangers presented by the tire and reasonable means to reduce such;
   J. Sale of the tire with the above described defects.

23. In addition to the above-described design defects, defendant MNACI negligently warned or failed to warn plaintiff of the defects in the subject tire about which MNACI either knew or should have known.

5

24. The heirs and survivors of Debbie Clogston, the plaintiff's decedent, are entitled to the fair monetary value of the decedent, including, but not limited to, compensation for the loss of services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice of the decedent and to the reasonable medical, funeral and burial expenses incurred.

WHEREFORE, plaintiff Robert Clogston demands judgment for damages against defendant MNACI, together with the costs, and such other and further relief as the Court deems appropriate.

### COUNT II – BREACH OF WARRANTY AGAINST MNACI

25. Plaintiff re-alleges paragraphs 1 through 24 above.

26. The subject steel-belted radial tire manufactured and/or distributed by defendant MNACI was unreasonably dangerous and unsafe for its intended use by reason of the design defects set forth hereinabove, and the product was expected to and did reach the plaintiff without substantial change affecting that condition, or the product failed to perform as safely as an ordinary consumer would expect when used as intended or in a manner reasonably foreseeable by defendant, and/or the risk of danger in the design outweighed the benefits.

27. These defects include, among other things, a lack of proper adhesion between the two steel belts and/or between the steel belts and the surrounding materials to prevent them from separating under expected and anticipated road conditions during normal use.

28. At all times material to this complaint, defendant MNACI inadequately warned or failed to warn plaintiff of the design defects which defendant MNACI knew or should have known to exist in the subject tire. The inadequate warning or failure to warn was itself a defect in the tire.

29. Defendant MNACI expressly and impliedly warranted to the plaintiff and to the general public that said subject steel-belted radial tire was safe, merchantable and fit for its intended purposes and uses. Defendant breached its warranties to plaintiff because said tire was unsafe,

not of merchantable quality and unfit for its intended uses and purposes. Plaintiff relied on the warranties made by defendant and was caused to be injured as the direct and proximate result of the breach of the express and implied warranties by defendant.

30. The heirs of Debbie Clogston are entitled to the fair monetary value of the decedent, including, but not limited to, compensation for the loss of services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice of the decedent and to the reasonable medical, funeral and burial expenses incurred.

WHEREFORE, plaintiff Robert Clogston demands judgment for damages against defendants MNACI, together with the costs, and such other and further relief as the Court deems appropriate.

## COUNT III - NEGLIGENCE AGAINST MNA

31. Plaintiff realleges paragraphs 1 through 30 above.

32. The tread/belt separation of the tire on the subject vehicle was the direct and proximate result of the negligent design and/or manufacture of the subject tire by defendant MNA, alone or in conjunction with design and input from defendant MNACI.

33. MNA's negligence in connection with the design, manufacture, and sale of the subject tire consists of, but is not limited to, the following:

    A. Failure to design a tire with adequate and sufficient specifications, formulas and materials to maintain necessary adhesion for the full expected life of the tire under foreseeable operating conditions;

    B. Failure to design a tire with adequate robustness and margin of safety;

    C. Failure to use adequate construction methods;

    D. Failure to maintain adequate quality control during manufacture;

    E. Failure to prevent rubber and wire contamination during manufacture;

    F. Failure to construct the tire to the designed specifications;

    G. Failure to adequately test, and maintain complete test records;

    H.   Failure to correct the weaknesses and defects revealed by testing;

    I.   Failure to provide adequate and sufficient warnings and instructions about the risks and dangers presented by the tire and reasonable means to reduce such;

    J.   Sale of the tire with the above described defects.

34. In addition to the above-described design defects, defendant MNA negligently warned or failed to warn plaintiff of the defects in the subject tire about which MNA either knew or should have known.

35. The heirs of Debbie Clogston are entitled to the fair monetary value of the decedent, including, but not limited to, compensation for the loss of services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice of the decedent and to the reasonable medical, funeral and burial expenses incurred.

    WHEREFORE, plaintiff Robert Clogston demands judgment for damages against defendant MNA, together with the costs, and such other and further relief as the Court deems appropriate.

## COUNT IV – BREACH OF WARRANTY AGAINST MNA

36. Plaintiff re-alleges paragraphs 1 through 35 above.

37. The subject steel-belted radial tire manufactured and/or distributed by defendant MNA was unreasonably dangerous and unsafe for its intended use by reason of the design defects set as alleged hereinbefore, and the product was expected to and did reach the plaintiff without substantial change affecting that condition, or the product failed to perform as safely as an ordinary consumer would expect when used as intended or in a manner reasonably foreseeable by defendant and/or the risk of danger in the design outweighed the benefits.

38. Defendant MNA expressly and impliedly warranted to the plaintiff and to the general public that said subject steel-belted radial tire was safe, merchantable and fit for its intended

8

purposes and uses. Defendant breached its warranties to plaintiff because said tire was unsafe, not of merchantable quality and unfit for its intended uses and purposes. Plaintiff relied on the warranties made by defendant and was caused to be injured as the direct and proximate result of the breach of the express and implied warranties by defendant.

39. These defects include, among other things, a lack of proper adhesion between the two steel belts and/or between the steel belts and the surrounding materials to prevent them from separating under expected and anticipated road conditions during normal use.

40. At all times material to this complaint, defendant MNA inadequately warned or failed to warn plaintiff of the design defects which defendant MNA knew or should have known to exist in the subject tire.

41. Defendant MNA expressly and impliedly warranted to the plaintiff and to the general public that said subject steel-belted radial tire was safe, merchantable and fit for its intended purposes and uses. Defendant breached its warranties to plaintiff because said tire was unsafe, not of merchantable quality and unfit for its intended uses and purposes. Plaintiff relied on the warranties made by defendant and was caused to be injured as the direct and proximate result of the breach of the express and implied warranties by defendant.

42. The heirs of Debbie Clogston are entitled to the fair monetary value of the decedent, including, but not limited to, compensation for the loss of services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice of the decedent and to the reasonable medical, funeral and burial expenses incurred.

WHEREFORE, plaintiff Robert Clogston demands judgment for damages against defendant MNA, together with the costs, and such other and further relief as the Court deems appropriate.

## COUNT IX - PUNITIVE DAMAGES – DEFENDANTS MNACI and MNA

42. The plaintiff re-alleges paragraphs 1 through 41 above.

43. The death of the plaintiff's decedent was the direct and proximate result of the grossly negligent designing, developing, testing, manufacturing, and distributing of the Uniroyal Laredo tire along with grossly negligent warning or grossly negligent lack of warnings concerning the dangers by defendants MNACI and MNA posed by tread separation.

WHEREFORE, plaintiff Robert Clogston demands judgment for punitive damages against defendants MNACI and MNA, together with the costs, and such other and further relief as the Court deems appropriate.

## COUNT X:  WRONGFUL DEATH - DEFENDANTS MNACI and MNA

44. The plaintiff re-alleges paragraphs 1 through 43 above.

45. The death of the plaintiff's decedent was the direct and proximate result of the gross negligence of defendants MNACI and MNA.

WHEREFORE, plaintiff Robert Clogston demands judgment for damages against defendants MNACI and MNA, together with the costs, and such other and further relief as the Court deems appropriate.

## COUNT XI:  LOSS OF CONSORTIUM

46. The plaintiff re-alleges paragraphs 1 through 45 above.

47. Plaintiff Robert Clogston has suffered substantial losses as a result of the injuries suffered by the decedent on November 2, 2007.

48. The losses suffered by plaintiff Robert Clogston were directly and proximately caused by conduct of defendants MNACI and MNA.

49. The losses suffered by plaintiff Robert Clogston include the loss of reasonably expected

net income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice of his wife, Debbie Clogston.

50. The plaintiff Robert Clogston is entitled to compensation for his losses.

WHEREFORE, plaintiff Robert Clogston demands judgment for damages against defendants MNACI and MNA, together with the costs, and such other and further relief as the Court deems appropriate.

### COUNT XII:  CONSCIOUS PAIN AND SUFFERING

51. The plaintiff re-alleges paragraphs 1 through 50 above.

52. This action is brought to recover for the conscious pain and suffering of Debbie Clogston.

53. As the direct and proximate result of the conduct of defendants MNACI and MNA as alleged hereinabove, Debbie Clogston, the plaintiff's decedent, was caused great pain and conscious suffering up to the moment of her death.

WHEREFORE, plaintiff Robert Clogston demands judgment for damages against defendants MNACI and MNA, together with the costs, and such other and further relief as the Court deems appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

12

Date Filed: October 25, 2010

        Respectfully Submitted:

        Robert Clogston, Individually, and as Administrator of the Estate of Debbie Clogston

        <u>/s/ Thomas T. Merrigan</u>
        Thomas T. Merrigan, BBO 343480
        Rawson Merrigan and Litner, LLP
        393 Main Street, Greenfield, MA  01301
        Telephone:  413 774 5300
        Fax:   413 773 3388
        rawsonmerrigan2@verizon.net
        merrigan@valinet.com