UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBERT CLOGSTON, Individually )
and as Administrator of the Estate of )
Debbie Clogston, )
                   Plaintiff )
)
)
             v. )   Civil Action No.: 10-30206-MAP
)
)
)
MICHELIN NORTH AMERICA, INC., )
               Defendant )

MEMORANDUM AND ORDER WITH REGARD TO PLAINTIFF'S
MOTION TO COMPEL (Document No. 20)
November 3, 2011

NEIMAN, USMJ

     Presently before the court in this product liability action is Robert Clogston ("Plaintiff")'s motion to compel Michelin North America, Inc. ("Defendant") to produce documents and respond to interrogatories. The court will allow the motion in large part. However, in order to prevent Plaintiff from embarking on what Defendant has characterized as a "fishing expedition" and in order to instruct Defendant as to its responsibility for the production of materials that are relevant to Plaintiff's claim, the following parameters shall apply with respect to all interrogatories and requests for production unless otherwise specifically noted below.

     First, temporally, in responding to requests for discovery and production of documents, Defendant shall search for and produce all relevant documents in its possession dating from 1995 to the present. Second, the search for requested documents shall not be limited geographically to the Opelika, Alabama plant, unless so

limited by Plaintiff in his requests for documents pertaining to the employees and procedures of that plant. Third, when Plaintiff requests documents related to the "subject model tire," Defendant shall understand that to be the LT235/85R16 LRE Uniroyal Laredo LTL M+S tire.

Fourth, although Defendant attempts to limit discovery to those tires that are "substantially similar" to the subject model tire, the court finds that Plaintiff is entitled to the requested information for all "similar tires." "Similar tires," for present purposes, are all steel belted radial light truck tires designed and/or manufactured by Michelin North America, Inc. with similar belt and wedge rubber compounds as those found in the subject tire. *See United Oil v. Parts Associates*, 227 F.R.D. 404, 411, 413 (D.Md. 2005) (holding that plaintiffs in product liability action were entitled to discovery of similar products); *see also Fine v. Facet Aerospace Prod. Co.*, 133 F.R.D. 439, 441 (S.D.N.Y. 1990) ("Generally, different models of a product will be relevant if they share with the accident-causing model those characteristics pertinent to the legal issues raised in the litigation."); *State Farm Fire and Cas. Co. v. Black & Decker, Inc.*, No. 02-1154, 2003 WL 103016, at *4 (E.D. La. Jan. 9, 2003) ("At the discovery stage . . . the plaintiff need not lay the same foundation concerning 'substantial similarity' as would be necessary to support admission into evidence."). To be clear, the foregoing definition of "similar tires" shall be the "relevant scope" for purposes of Defendant's discovery obligations.

Fifth, as to Defendant's argument that their responses to Plaintiff's interrogatories and requests for production would reveal trade secrets and/or proprietary information, the court finds that Plaintiff has demonstrated that such

information is relevant and necessary to his cause of action and that the parties' confidentiality order is sufficient to protect such secrets. (See Document. No. 23.) Defendant's argument to the contrary, the court finds that Plaintiff has alleged a specific enough theory of defect at this stage of the litigation - - namely, that the subject tire suffered a tread separation as a result of design and manufacturing defects - - to justify the requested discovery.

The above parameters should clarify the extent of Defendant's obligations for most of the requested information submitted to the court in Appendices A-F (Document. No. 20-7). To the extent certain of the parties' concerns may not be resolved by these parameters, those issues are addressed below.

I. <u>Interrogatories and Requests for Production</u>

A. Appendix A

    1. Interrogatory No. 2: To the extent Defendant broadly claims that any of the requested information is subject to the attorney-client privilege or work product doctrine, Defendant shall comply with Rule 26(a)(1)(5)(A), which requires that a party, when seeking to withhold otherwise discoverable material, "describe the nature of the documents, communications, or tangible things not produced or disclosed - - and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(a)(1)(5)(A).

B. Appendix B

    1. Request No. 24: With regard to Plaintiff's request for documents necessary to "ascertain the meaning of the numbers and letters used to identify the tire at issue in

3

this lawsuit . . . as well as the meaning of any tire tracking information that could be used to ascertain which machines, tire building shafts and personnel were used to build the subject tire," the court does not agree with Defendant's assertion that such request is overly broad, unduly burdensome and not relevant. Rather, the court finds that the requested information is relevant and Defendant shall respond accordingly.

    2. Request Nos. 24, 26, 34, 35, 36 and 37: Defendant shall produce all requested information regarding the subject tire but, as should be clear from the requests, is not required to produce such information for all similar tires. Given this limited scope, the court finds that the requests are not burdensome or overly broad and, in addition, finds them relevant and/or likely to lead to the discovery of admissible evidence.

    3. Request No. 47: The court finds this request relevant and likely to lead to the discovery of admissible evidence. Defendant shall respond accordingly.

C.  Appendix C

    1. Interrogatory Nos. 7 and 8: The court finds relevant Plaintiff's requests for information regarding the running temperatures and normal range of intracarcass air pressure for the subject model tire and similar tires, as defined above. Defendant shall produce this information to the extent it is known to Defendant and in its possession. Defendant's argument to the contrary, the court does not deem the discovery premature requests for expert testimony.

D.  Appendix D

1. Interrogatory No. 4: Defendant shall produce the requested information, which the court finds to be relevant, to the extent it falls within the parameters set forth above.

2. Request for Production No. 20: Defendant shall produce the requested materials, which the court finds relevant, to the extent the documents remain in Defendant's possession. Defendant, not Plaintiff, is responsible for locating the requested materials. This same ruling applies to Plaintiff's Request No. 42 (Appendix E, p. 2).

## II. Conclusion

Unless otherwise specifically noted, Plaintiff's interrogatories and requests for production are subject to the parameters set forth above and Plaintiff's motion to compel is ALLOWED accordingly. Defendant's responses shall be provided to Plaintiff no later than November 18, 2011.

IT IS SO ORDERED.

DATED: November 3, 2011

  /s/ Kenneth P. Neiman
KENNETH P. NEIMAN
U.S. Magistrate Judge